UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

PAULETTE CUTTINO,                  :

                           :

               Plaintiff,        :    Civil Action No.

                           :

        v.                   :    **NOTICE OF REMOVAL OF A**

                           :    **CIVIL ACTION**

AHRC NEW YORK CITY FOUNDATION, INC. :
AHRC/NYC GUARDIANSHIP FUND, INC.,     :

                           :

            Defendants.      :

                           :

----------------------------------------------------------------x

Defendant NYSARC, Inc., New York City Chapter, incorrectly named herein as AHRC New York City Foundation, Inc. and AHRC/NYC Guardianship Fund, Inc. ("AHRC NYC"), by and through its attorneys, Clifton Budd & DeMaria, LLP, desiring to remove this civil action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby submits this Notice of Removal and alleges as follows:

1.       Upon information and belief, Plaintiff Paulette Cuttino ("Plaintiff") commenced an action on January 6, 2025 in the Supreme Court of the State of New York, County of Bronx, Index No. 800275/2025E, against AHRC NYC.  A copy of Plaintiff's Summons and Verified Complaint (the "Complaint") allegedly filed with the Court is attached as **Exhibit A**.

2.       AHRC NYC was served with the Complaint on January 17, 2025.

3.       The Notice of Removal is being filed within thirty (30) days of the receipt by AHRC NYC, through service or otherwise, of the Complaint and, thus, is timely filed under 28 U.S.C. § 1446(b).

4.       AHRC NYC's time to move or answer the Complaint has not expired.

5.       AHRC NYC is seeking removal of this action under 28 U.S.C. § 1441 because Plaintiff alleges in the Complaint violations of the laws of the United States, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII").

6.       Specifically, Plaintiff alleges that she was discriminated and retaliated against by AHRC NYC in violation of Title VII.

7.       Given the specific allegations of violations of federal law in the Complaint, this Court has original federal question jurisdiction under 28 U.S.C. § 1331 and this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

**WHEREFORE**, AHRC NYC respectfully requests that this action be removed from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York.

Dated: New York, New York
       February 6, 2025

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP
*Counsel for Defendant AHRC NYC*

By: _____
       Stefanie R. Toren
       The Empire State Building
       350 Fifth Avenue, 61st Floor
       New York, New York 10118
       (212) 687-7410
       srtoren@cbdm.com

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** BRONX

-------------------------------------------------------------------X
PAULETTE CUTTINO

                        Plaintiff/Petitioner,

        - against -                     Index No. 800275/2025E
AHRC NEW YORK CITY FOUNDATION, INC.
AHRC/NYC GUARDIANSHIP FUND, INC.

                    Defendant/Respondent.
-------------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

                 6/6/18  EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 01/06/2025

JOSHUA ALEXANDER BERNSTEIN
Name
JOSH BERNSTEIN, P.C.

Firm Name

447 BROADWAY, 2ND FLOOR
Address

NEW YORK, NY 10013

(646) 308-1515
Phone

E-Mail

To: _____

_____

_____

**SUPREME COURT OF THE STATE OF NEW YORK**
**BRONX COUNTY**

**SUMMONS**

PAULETTE CUTTINO,                                )

                            Plaintiff,       )

        v.                               )

AHRC NEW YORK CITY FOUNDATION, INC.     )
AHRC/NYC GUARDIANSHIP FUND, INC.,       )

                  Defendants.      )

Index No.  **800275/2025E**

Date Summons Filed:
January 6, 2025

The basis of Venue is:
<u>Plaintiff's Residence</u>

Plaintiff Resides at:
955 Evergreen Avenue
Bronx, NY 10473

To the above named Defendant:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff herein and to serve a copy of your answer on the plaintiff at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to appear or answer, a judgment will be entered against you by default for the relief demanded in the Complaint.

Dated: January 6, 2025

Josh Bernstein, P.C.
*Counsel for Plaintiff*

By:_____/s/_____
Joshua Alexander Bernstein
447 Broadway, 2nd Fl.
New York, NY 10013
(646) 308-1515
jbernstein@jbernsteinpc.com

**SUPREME COURT OF THE STATE OF NEW YORK**
**BRONX COUNTY**

| | |
|---|---|
| PAULETTE CUTTINO, ) | Index No. **800275/2025E** |
| ) | |
| Plaintiff, ) | |
| ) | **VERIFIED** |
| v. ) | **COMPLAINT** |
| ) | |
| AHRC NEW YORK CITY FOUNDATION, INC. ) | |
| AHRC/NYC GUARDIANSHIP FUND, INC., ) | |
| ) | |
| Defendants. ) | |

Defendants refused to accommodate Plaintiff's disability, and instead placed her on involuntary unpaid leave. When Plaintiff returned to work, she was written up within two weeks' time. Plaintiff then complained about the discrimination she was facing, and was summarily fired three days later. Plaintiff filed a charge of discrimination with the EEOC, who issued a merits determination that Defendants discriminated against Plaintiff.

This is an egregious case of disability discrimination and retaliation that must be swiftly remedied.

Plaintiff Paulette Cuttino ("Ms. Cuttino or Plaintiff"), by and through her undersigned counsel Josh Bernstein P.C., alleges as precedes and follows:

### Nature of the Suit: Disability Discrimination and Retaliation

1. Plaintiff brings suit under the New York City Human Rights Law, New York City Administrative Code § 8-101 et. seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., for disability discrimination and retaliation.

### The Parties

2. Plaintiff Paulette Cuttino is an adult resident of Bronx, NY.

3. Defendant AHRC New York City Foundation, Inc. is a domestic not-for-profit corporation.

7. Defendant AHRC/NYC Guardianship Fund, Inc. is a domestic not-for-profit corporation.

## Background

8. AHRC New York City Foundation, Inc. and AHRC/NYC Guardianship Fund, Inc. (collectively "AHRC" or "Defendants") are non-for-profit entities serving people with intellectual and developmental disabilities in New York City.

9. Upon information and belief, AHRC New York City Foundation, Inc., is the primary entity through which AHRC operates, and AHRC/NYC Guardianship Fund, Inc. is the entity through which Plaintiff was paid. The (belated) termination letter Plaintiff received from her employers identifies the terminating entity as "AHRC New York City".

## Plaintiff Performs Her Duties Without Incident

10. Ms. Cuttino began working for Defendants in late September 2023 as Direct Support Personnel. Ms. Cuttino's job was to assist disabled individuals in guardianship in their day-to-day life.

11. Ms. Cuttino worked out of Defendants' Bronx location, and served clients in the Bronx.

## Defendants Refuse to Accommodate Plaintiff and Place Her on Unpaid Leave

12. Ms. Cuttino suffers from a number of disabilities that limit major life activities, including Sciatica.

13. One task assigned to Ms. Cuttino was walking back-and-forth to a grocery store carrying packages. These activities exacerbated Ms. Cuttino's conditions, and she asked to be relieved from this task in March 2024.

14. Defendants own a car used to assist clients. Defendants declined to allow Ms. Cuttino to use the car to fetch groceries for clients.

2

15. Instead, Defendants directed Ms. Cuttino to furnish a doctor's note in connection with her request for accommodation.

16. Ms. Cuttino then furnished a doctor's note, including restrictions on her activities that affect the spine, but such restrictions did not remotely render her unable to perform the vast majority of her duties.

17. Instead of accommodating Ms. Cuttino and relieving her from the duties her physician proscribed, Defendants placed Ms. Cuttino on involuntary unpaid leave.

### Ms. Cuttino Returns to Work, and is Summarily Fired

18. Ms. Cuttino's physicians thereafter cleared her to return to work, and Ms. Cuttino returned to her job on March 23, 2024.

19. On April 6, 2024, Ms. Cuttino was written-up for spurious reasons and suspended without pay.

20. Ms. Cuttino complained to the Director of her program the day after being written up that she was being discriminated against.

21. Ms. Cuttino was then fired three days later.

### First Cause of Action:
### Disability Discrimination and Retaliation
### in Violation of the New York City Human Rights Law

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1-21 inclusive as if they were fully set forth herein.

23. The aforesaid actions of the Defendants constitute unlawful discrimination in violation of the New York City Human Rights Law, New York City Administrative Code § 8-101 et. seq., by refusing to engage in the "cooperative dialogue" required by statute, failing to provide a written final determination of the result of the required "cooperative dialogue", failing to accommodate

3

Plaintiff's disability, and/or taking adverse employment action against Plaintiff because of her disability and/or complaint of discrimination.

24. As a result of Defendants' violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer economic losses, mental anguish, pecuniary damages, pain and suffering, and other damages. Plaintiff is also entitled to and demands an award of attorney's fees, interest, costs and, because Defendant's actions amounted to willful or wanton negligence, or recklessness, or involved a conscious or reckless disregard for the rights of others, punitive damages.

25. As a result of Defendants' violation of the New York City Human Rights Law, Plaintiff has been damaged in a sum that exceeds the jurisdiction of all lower courts and meets or exceeds the jurisdictional threshold for this Court. Plaintiff hereby demands a trial by jury in Bronx County.

**Second Cause of Action:**
**Disability Discrimination and Retaliation**
**in Violation of the Title VII**

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1-21 inclusive as if they were fully set forth herein.

27. The aforesaid actions of the Defendants constitute unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., by failing to accommodate Plaintiff's disability, and/or taking adverse employment action against Plaintiff because of her disability and/or complaint of discrimination. Plaintiff received a right-to-sue letter from the EEOC dated October 26, 2024 in early November, 2024.

28. As a result of Defendants' violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continues to suffer economic losses, mental anguish, pecuniary damages, pain and suffering, and other damages. Plaintiff is also entitled to and demands an award of attorney's

4

fees, interest, costs and, because Defendants' actions were malicious or recklessly indifferent to Plaintiff's federally protected rights, punitive damages.

29. As a result of Defendants' violation of Title VII of the Civil Rights Act of 1964, Plaintiff has been damaged in a sum that exceeds the jurisdiction of all lower courts and meets or exceeds the jurisdictional threshold for this Court. Plaintiff hereby demands a trial by jury in Bronx County.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their favor against the Defendants awarding the following relief:

(A) Reinstatement and/or an award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages she has suffered;

(B) An award of damages in an amount to be determined at trial to compensate Plaintiff for all non-economic and/or compensatory damages she has suffered, including but not limited to compensation for mental anguish, pain & suffering, and pecuniary damages;

(C) Civil penalties and liquidated damages;

(D) Punitive and/or exemplary damages;

(E) Interest, costs and attorney's fees and;

(F) An award of such other and further relief as the Court deems just and proper.

Dated: December 18, 2024

Josh Bernstein, P.C.
*Counsel for Plaintiff*

By:_____/s/_____
Joshua Alexander Bernstein
447 Broadway, 2nd Fl.
New York, NY 10013
(646) 308-1515
jbernstein@jbernsteinpc.com

6

## VERIFICATION

STATE OF NEW YORK )

COUNTY OF BRONX ) SS.:

PAULETTE CUTTINO, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action, and am duly authorized to make this verification. I have read the foregoing Complaint and know the contents thereof, which are true to my knowledge, except as to those matters stated to be alleged on information and belief, and to these matters I believe them to be true.

Paulette Cuttino

Dated: December 20th, 2024

Sworn to before me this
20th day of December 2024

Notary Public

ANNA LIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01LI6434319
Qualified in Queens County
Commission Expires 6/6/26

7